BOLSTER *versus* CUSHMAN.

It is only when a husband dies *seized* that the R. S. c. 95, § 6, secures to a wife, *prior to the assignment of dower*, a third of the rents and profits of his land.

A widow, though entitled to dower, has no claim to occupy *any part* of the estate, until her dower has been assigned.

In the absence of other evidence, a deed, conveying real estate, does, *of itself*, raise a presumption that the grantor had sufficient seizin to enable him to convey, and also operates to vest the legal seizin in the grantee.

ON REPORT from *Nisi Prius*, HOWARD, J. presiding.

WRIT OF ENTRY.

Francis Cushman, in 1838, executed a deed of the premises to the demandant. The tenant was at that time his wife, and has ever since been in possession of the land. Mr. Cushman died in 1843, not having acknowledged the deed. It was however recorded since the commencement of this suit, its execution having been proved by the subscribing witness in Court.

SHEPLEY, C. J. — The tenant is the widow of Francis Cushman, who died in the year 1843. If her husband did not die seized of the demanded premises, she cannot by virtue

of the statute, c. 95, § 6, be entitled to receive one third part of the rents and profits until her dower shall be assigned. And although entitled to dower, she cannot claim to occupy any part of the estate before it has been assigned. There is no proof, that her husband died seized.

He conveyed the premises to the demandant on June 13, 1838. The execution of that deed was not proved, nor was it recorded until the year 1851. When this had been done, its legal effect and operation were the same, as they would have been, had it been acknowledged and recorded soon after it was executed.

It is insisted, that the demandant acquired no title, because there is no satisfactory proof, ·that the grantor was seized at the time of the conveyance.

The statute of Massachusetts, a revision of which was ·in force here, when the deed was executed, has received such a construction " that in the absence of other evidence the deed itself raises a presumption, that the grantor had sufficient seizin to enable him to convey, and also operates to vest the legal seizin in the grantee." *Ward* v. *Fuller,* 15 Pick. 185.

There is in this case no evidence to rebut the presumption, that the grantor was seized; and by the adoption of the same rule the conveyance will operate to confer a seizin upon the grantee, who will be entitled to recover.

Tenney, Wells, Howard and Appleton J. J., concurred.

*Tenant defaulted.*

*May,* for the demandant.

*Walton,* for the tenant.